[2 NYS3d 706]

In the Matter of Rosemaria Merante, an Attorney, Respondent. Grievance Committee of the Seventh Judicial District, Petitioner.

Fourth Department, December 19, 2014

## APPEARANCES OF COUNSEL

*Andrea E. Tomaino*, *Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Thomas M. Bernacki*, Rochester, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 24, 1993. On May 21, 2014, she was convicted upon her plea of guilty in Gates Town Court of offering a false instrument for filing in the second degree in violation of Penal Law § 175.30, a class A misdemeanor. The plea was entered in satisfaction of a felony complaint alleging that, from 2009 through 2011, respondent submitted to the New York State Unified Court System Attorneys for Children Program and the Monroe County Assigned Counsel Program several payment claim vouchers that contained false statements or false information. During the plea colloquy, respondent admitted that, on March 3, 2010, she violated Penal Law § 175.30. In conjunction with the plea, respondent made restitution in the amount of $14,287, and the court sentenced her to an unconditional discharge.

This Court subsequently determined that respondent had been convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and, by order entered August 21, 2014, directed her to show cause why a final order of discipline should not be entered. Respondent appeared before this Court on September 9, 2014, and was heard in mitigation.

In determining an appropriate sanction, we have considered in mitigation respondent's expression of remorse, her otherwise unblemished record, and the numerous letters of support from colleagues and others attesting to her good character and standing in the community. We have additionally considered her statement that the conduct at issue in the criminal proceeding arose from inattentiveness and negligent record keeping, rather than fraudulent intent, and that it occurred at a time when she was experiencing heightened stress due to personal matters unrelated to her practice of law. However, we have considered in aggravation that, by virtue of her guilty plea, respondent has admitted that on one occasion she filed an assigned counsel voucher knowing that it contained a false statement or false information.

Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of three months.

SCUDDER, P.J., FAHEY, CARNI and DEJOSEPH, JJ., concur. Order of suspension entered.